Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
BENITO TAPIA ISIDORO, individually and on behalf of all others similarly situated,

                        Plaintiff,

    -against-

ROMARK UNIVERSAL FOOD LLC and MARKEL KANDKHOROV, EMANUIL KANDKHOROV and BARUH KANDKHOROV, as individuals,

                        Defendants.
-----------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, **BENITO TAPIA ISIDORO**, individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff, through undersigned counsel, brings this action against **ROMARK UNIVERSAL FOOD LLC and MARKEL KANDKHOROV, EMANUIL KANDKHOROV and BARUH KANDKHOROV, as individuals** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at **ROMARK UNIVERSAL FOOD LLC**, located at 97-48 63rd Rd., Rego Park, NY, 11374.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks

1

interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES
### *The Plaintiff*

7. Plaintiff BENITO TAPIA ISIDORO, residing in Middle Village, NY 11379 has been employed by Defendants at ROMARK UNIVERSAL FOOD LLC, located at 97-48 63rd Rd., Rego Park, NY 11374, from in or around August 2014 until present.

### *The Defendants*
### ROMARK UNIVERSAL FOOD LLC

8. Defendant, ROMARK UNIVERSAL FOOD LLC, is a New York domestic limited liability company organized under the laws of New York with a principal executive office and service of process address at 97-48 63rd Rd., Rego Park, NY 11374.

9. At all relevant times hereto, Defendant ROMARK UNIVERSAL FOOD LLC, through its agents, officers, managers and supervisors, maintains direct control, oversight, and direct supervision over their employees, including the Plaintiff in the performance of his duties, which among others include scheduling of work and payment of wages.

10. Accordingly, at all relevant times hereto, Defendant ROMARK UNIVERSAL FOOD LLC was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

11. At all times relevant to the allegations contained in the complaint, Corporate Defendants was, and is, an enterprise engaged in interstate commerce within the meaning of the FLSA in that ROMARK UNIVERSAL FOOD LLC, (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

### *Individual Defendants*
### **MARKEL KANDKHOROV, EMANUIL KANDKHOROV and BARUH KANDKHOROV**

12. At all relevant times hereto, Defendants MARKEL KANDKHOROV, EMANUIL KANDKHOROV and BARUH KANDKHOROV own and operate ROMARK UNIVERSAL FOOD LLC.

13. Upon information and belief, Defendants MARKEL KANDKHOROV, EMANUIL KANDKHOROV and BARUH KANDKHOROV are agents of ROMARK UNIVERSAL FOOD LLC.

14. At all relevant times hereto, Defendants MARKEL KANDKHOROV, EMANUIL KANDKHOROV and BARUH KANDKHOROV are responsible for overseeing the daily operations of ROMARK UNIVERSAL FOOD LLC.

15. At all relevant times hereto, Defendants MARKEL KANDKHOROV, EMANUIL KANDKHOROV and BARUH KANDKHOROV have power and authority over all the final personnel decisions at ROMARK UNIVERSAL FOOD LLC.

16. At all relevant times hereto, Defendants MARKEL KANDKHOROV, EMANUIL KANDKHOROV and BARUH KANDKHOROV have power and authority over all final payroll decisions of ROMARK UNIVERSAL FOOD LLC, including the Plaintiff.

17. At all relevant times hereto, Defendants MARKEL KANDKHOROV, EMANUIL KANDKHOROV and BARUH KANDKHOROV have the exclusive final power to hire the employees of ROMARK UNIVERSAL FOOD LLC, including the Plaintiff.

18. At all relevant times hereto, Defendants MARKEL KANDKHOROV, EMANUIL KANDKHOROV and BARUH KANDKHOROV have exclusive final power over the firing and terminating of the employees of ROMARK UNIVERSAL FOOD LLC, including Plaintiff.

19. At all relevant times hereto, Defendants MARKEL KANDKHOROV, EMANUIL KANDKHOROV and BARUH KANDKHOROV are responsible for determining, establishing, and paying the wages of all employees of ROMARK UNIVERSAL FOOD LLC, including the Plaintiff, setting their work schedules, and maintaining all their employment records of the business.

20. Accordingly, at all relevant times hereto, Defendants MARKEL KANDKHOROV, EMANUIL KANDKHOROV and BARUH KANDKHOROV are Plaintiff's employers within the meaning and the intent of the FLSA, and the NYLL.

## RELEVANT STATUTORY PERIOD

21. Under the FLSA and NYLL, Plaintiff's federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. As this Complaint is filed in September 2025, the relevant statutory period for Plaintiff' claims asserted herein encompasses the entirety of the period spanning September 2019 through the present ("relevant statutory period").

## FACTUAL ALLEGATIONS

22. Plaintiff BENITO TAPIA ISIDORO has been employed by Defendants at ROMARK UNIVERSAL FOOD LLC, as an organizer, stocker and cleaner while performing related miscellaneous duties for the Defendants, from in or around August 2014 until present.

23. Plaintiff BENITO TAPIA ISIDORO has regularly worked five (5) days per week and regularly works shifts of approximately fourteen (14) hours per day from in or around September 2019 until present.

24. Thus, Plaintiff has been regularly required to work approximately seventy (70) hours per week from in or around September 2019 until present.

25. Plaintiff BENITO TAPIA ISIDORO was paid by Defendants a flat hourly rate of approximately $10.00 per hour for all hours worked from in or around September 2019 until in or around December 2024; and has been paid approximately $11.00 per hour for all hours worked from in or around January 2025 until present.

26. Plaintiff has been paid exclusively in cash by Defendants.

27. Defendants have failed to pay Plaintiff BENITO TAPIA ISIDORO the legally prescribed minimum wage for all his hours worked during the relevant statutory period, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

28. Although, during the relevant statutory period, Plaintiff has worked approximately seventy (70) hours per week, Defendants have failed to pay and continue to fail to pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

29. Furthermore, Plaintiff BENITO TAPIA ISIDORO has worked in excess of ten (10) or more hours per day approximately five (5) days per week during the relevant statutory period, however, Defendants have failed to pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

30. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

31. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

32. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

33. Moreover, Defendants are aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper minimum wages and overtime wages.

34. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertan whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

35. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**COLLECTIVE ACTION ALLEGATIONS**

36. Plaintiff brings this action on behalf of himself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

37. Collective Class: All persons who are or have been employed by the Defendants as organizers, stockers and cleaners, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

38. Upon information and belief, Defendants employed approximately 10 or more employees within the relevant time period who were subjected to similar payment structures.

39. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

40. Defendants' unlawful conduct has been widespread, repeated, and consistent.

41. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

42. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

43. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

44. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

45. The claims of Plaintiff are typical of the claims of the putative class.

46. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.

47. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

48. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

49. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

50. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

51. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

52. Defendants willfully failed to pay Plaintiff's overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the

regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

53. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

54. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

55. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

56. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

57. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

58. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

59. Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs.

60. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §§2 and 651.

61. At all times relevant to this action, Defendants were employers within the meaning of the NYLL.

62. Defendants failed to pay Plaintiff's wages for hours worked in violation of New York Labor Law Article 6.

63. Defendants failed to credit or compensate Plaintiff the applicable minimum hourly wage for all hours worked, in violation of the New York Minimum Wage Act, specifically NYLL §652.

64. Defendants failed to pay Plaintiff the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

65. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

### FOURTH CAUSE OF ACTION
**Spread of Hours Compensation Under New York Labor**

66. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

67. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4.

68. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

### FIFTH CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

69. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

70. Defendants failed to provide Plaintiff with a written notice, in English of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

9

71. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

72. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

73. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)

74. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff's unpaid overtime wages;

c. Awarding Plaintiff's unpaid minimum wages;

d. Awarding Plaintiff's unpaid spread of hours compensation;

e. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

f. Awarding Plaintiff prejudgment and post-judgment interest;

g. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

h. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: September 22, 2025
Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BENITO TAPIA ISIDORO, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

ROMARK UNIVERSAL FOOD LLC and MARKEL KANDKHOROV, EMANUIL KANDKHOROV and BARUH KANDKHOROV, as individuals

Defendants.

**COLLECTIVE ACTION COMPLAINT**

HELEN F. DALTON & ASSOCIATES, P.C.
*Attorneys for Plaintiff*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

To:

*Service via Secretary of State:*
**ROMARK UNIVERSAL FOOD LLC (DOS ID: 4947537)**
97-48 63rd Rd., Rego Park, NY 11374

*Via personal service:*
**ROMARK UNIVERSAL FOOD LLC**
97-48 63rd Rd., Rego Park, NY 11374

**MARKEL KANDKHOROV**
97-48 63rd Rd., Rego Park, NY 11374

**EMANUIL KANDKHOROV**
97-48 63rd Rd., Rego Park, NY 11374

**BARUH KANDKHOROV**
97-48 63rd Rd., Rego Park, NY 11374